United States District Court
Eastern District of Michigan
Southern Division



United States of America,

Case No. 25-CR-20738

v.

Hon. Terrence G. Berg

D-1 Jerome Antwan Andrews,

Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Jerome Antwan Andrews, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Counts of Conviction

The defendant will plead guilty to Counts 1 and 2 of the Indictment, filed on October 1, 2025.  Count 1 charges the defendant with illegal possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). Count 2 charges the defendant with possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| Count One | Term of imprisonment: | Up to 15 years |
|---|---|---|
| | Fine: | $250,000 or twice the pecuniary gain or loss |
| | Term of supervised release: | Up to 3 years |
| Count Two | Term of imprisonment: | Up to 10 years |
| | Fine: | $250,000 or twice the pecuniary gain or loss |
| | Term of supervised release: | Up to 3 years |

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

## 4. Elements of Counts of Conviction

The elements of Count One are:

    a. The defendant knowingly had custody or control of or possessed device-making equipment;

    b. The defendant acted with intent to defraud; and

    c. The defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

"Device-making equipment" is any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

The elements of Count Two are:

    a. The defendant knowingly possessed 15 or more access devices;

    b. Those devices were counterfeit or unauthorized;

    c. The defendant possessed those devices with the intent to defraud; and

    d. The defendant's conduct affected interstate or foreign commerce.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From at least May 2020 to October 7, 2020, defendant was actively engaged in making fraudulent social security cards and driver's licenses for others.  To accomplish this, defendant would obtain the social security numbers and names of identity theft victims from others, and then create fraudulent social security cards and driver's licenses using victim information, and (if requested) the photographs or addresses of other people.  Defendant's illegal services included—when his clients paid for it—blue light and holographic features that allowed his fake drivers' licenses to avoid official detection.

On October 7, 2020, defendant possessed device-making equipment, specifically: a Pronto Magicard identification card printer, an embosser, a laminator, and a card cutter.  He also possessed more than fifteen counterfeit and unauthorized access devices: twenty-four physical driver's licenses (twenty-two Michigan licenses and two Ohio licenses) and electronically stored social security numbers, photographs of social security cards, driver's license numbers, and/or photographs of driver's licenses associated with over 250 names.

The defendant acknowledges that the loss attributable to his violations of Counts 1 and 2 was more than $550,000.  The defendant

knew that many of the fake IDs that he made would be used for other crimes, especially unemployment benefits fraud.  For example, an unemployment insurance fraud ring led by Terrance Calhoun Jr., one of defendant's customers, submitted at least 46 fake IDs that Calhoun obtained from defendant to Maryland's unemployment insurance agency, thereby circumventing anti-fraud measures such as identity verification.  Calhoun has already been convicted in the Eastern District of Michigan, in case no. 23-cr-20659.

## 6. Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| Guideline Section | Description |
|---|---|
| § 2B1.1(a)(1) | Base Offense Level: 6 |
| § 2B1.1(b)(1)(H) | Loss of more than $550,000: +14 |
| § 2B1.1(b)(2)(A) | More than 10 victims: +2 |
| § 2B1.1(b)(4) | Offense involved receipt of stolen property, and defendant was in the business of receiving and selling stolen property: +2 |
| § 2B1.1(b)(11)(A, B, and C) | Offense involved use of device-making equipment and authentication features, and production and trafficking of unauthorized and counterfeit access devices, using other unauthorized and counterfeit access devices, with over 5 such devices possessed: +2 |

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9. Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

## B.   Imprisonment

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government will recommend that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.   Supervised Release

### 1.   Recommendation

The parties have no agreement as to supervised release.

## 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.   Fines

The parties have no agreement as to a fine.

## E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant

agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

## F.    Forfeiture

Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any and all right, title, and interest, he may possess in property, real or personal, that constitutes or is derived from proceeds he obtained directly or indirectly, as a result of his violation of Counts One and Two of the Information.

Defendant agrees to forfeit or otherwise abandon to the United States, pursuant to 18 U.S.C. § 982(a)(8), any and all right, title, and interest, he may possess in property, real or personal, used or intended to be used to commit, to facilitate, or to promote the defendant's commission of Counts One and Two of the Information; and/or constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of Counts One and Two of the Information, including, but not limited to the property listed at **Attachment A**, seized on or about October 7, 2020.

Defendant also agrees to the entry of a personal forfeiture money judgment against him in favor of the United States, representing the value of the property that the defendant obtained, directly or indirectly, as a result of his violation of Count One of the Information in the amount of **Seventeen Thousand Four Hundred and Fifty Dollars and 00/100 ($17,450.00)**, Which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of Counts One and Two of the Information.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or

under the control of the defendant. The defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture containing the property listed at **Attachment A**, and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

Defendant will cooperate as requested by the government in connection with the government's efforts to identify, locate, seize, and forfeit property that is subject to forfeiture under this agreement. The defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, property that is forfeitable to the United States under this

agreement and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in such property, the defendant will provide the government with the name and address of the person or entity that has an interest in, and/or possession of, the asset, and assist the government in obtaining a release of interest from any such other person or entity.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the property identified at **Attachment A** as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by

the court to advise him of this, pursuant to Rule 11(b)(l)(J), at the time his guilty plea is accepted.

Defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the property identified at **Attachment A**.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that, if requested by the United States, he will testify truthfully in any related forfeiture proceeding regarding facts relating to any property identified for forfeiture.

## G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer

or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

The government may withdraw from this agreement at any time before the defendant pleads guilty.

JEROME F. GORGON JR.
United States Attorney

John Neal
Chief, Anti-Corruption Unit
Assistant United States
Attorney

K. Craig Welkener
Assistant United States Attorney

Dated: February 27, 2026

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.


Steven Fishman
Attorney for Defendant

Dated: 3/11/26

Jerome Antwan Andrews
Defendant

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

                                                    Case No. 25-CR-20738

v.

                                                    Hon. Terrence G. Berg

D-1 Jerome Antwan Andrews,

            Defendant.
_____/

## Attachment A to Plea Agreement

Property to be forfeited, all seized 10/7/2020:

1. Card Punch (1)
2. Embosser (1)
3. Pronto Magicard printer (1)
4. Drivers' Licenses (25)
5. Miscellaneous documents
6. iBuy Power Computer Tower (1)
7. Western Digital My Passport (1)
8. WD My Passport for Mac (1)
9. WD easystore  (1)
10. LG Cellphones silver, blue, black (3)
11. Samsung cellphones silver, black (2)
12. IMac computer with iLok USB device (1)
13. Store value cards (10)
14. Laminator Model 5500 (1)
15. Samsung Notebook (1)
16. Thumbdrive (1)
17. DHL package, Tracking # ending in -6140 (1)
18. LG device with IMEI # ending in -7558 (1)
19. Apple Laptop Model A2179 (1)

20.   Additional Samsung Cellphone (1)
21.   Seagate Hard Drive (1)
22.   CD (1)